**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs,<br><br>    Plaintiff,<br><br>v.<br><br>James F Wees,<br><br>    Defendant. | No. CV-22-00655-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant James Wees' Motion to Dismiss, (Doc. 10), which is fully briefed, (*see* Docs. 14; 17). Also, pending before the Court is Plaintiff Kenneth Sachs's Motion to Seal. (Doc. 12.) Although oral argument was requested on the Motion to Dismiss, (Doc. 10 at 1), the Court declines to hold it, finding it unnecessary. *See* LRCiv 7.2(f). The Court has considered the briefing and relevant law and will grant the Motion to Dismiss but deny the Motion to Seal for reasons explained below.

**I.    Background**

Plaintiff Kenneth Sachs alleges that, in December of 2014, Maryna Sachs retained Wees as her attorney for the dissolution of her marriage to Sachs. (Doc. 1 ¶ 10.) Sachs contends that Wees, as Maryna's attorney, committed legal malpractice and submitted false information to Sachs' court-appointed physiological evaluator. (*Id.* ¶¶ 11–12.) Sachs alleges that the court-appointed psychological evaluator "then made a custody recommendation to the Court on [Wees'] false information." (*Id.* ¶ 12.) Sachs additionally alleges that "[t]he determination of custody in favor of [Maryna] was directly related to the

false\information [sic] that [Wees] presented to the Court." (*Id.* ¶ 13.)

Sachs' Complaint contains seven causes of action: (1) violation of his constitutional right to familial relations; (2) legal malpractice; (3) false representation; (4) professional misconduct; (5) perjury; (6) subordination of perjury; and (7) gross negligence. (*See generally* Doc. 1.) Of these claims, only the first claim is a purportedly federal; the other six are state law claims—some of which are not private rights of action. In his Complaint, Sachs seeks (1) monetary damages in the sum of $25,000,000; (2) punitive damages; (3) pre- and post-judgment interests, costs, and attorney fees; and (4) equitable relief. (*Id.* at 16.)

Sachs contends that—under 28 U.S.C. § 1343(a)(3)—this Court has jurisdiction. (*Id.* ¶ 4.) Wees filed the instant Motion, in which he argues that Sachs failed to invoke adequate subject matter jurisdiction. (Doc. 10 at 3–4.)

**II.     Legal Standard**

Under Federal Rules of Civil Procedure Rule 12(b)(1), the Court may dismiss a cause of action if it lacks subject-matter jurisdiction. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Courty of Oneida*, 414 U.S. 161, 666 (1974)). But "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Henry v. Adventist Health Castle Med. Ctr.*, 363 F. Supp. 3d 1128, 1132–33 (D. Haw. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (alterations original).

**III.    Discussion**

    **A. Jurisdiction**

Sachs invokes this Court's jurisdiction under 28 U.S.C. § 1343(a)(3). (*Id.* ¶ 4.) That statute provides the Court with jurisdiction to "redress the deprivation, under color of any

State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress." 28 U.S.C. § 1342(a)(3). Moreover, in support of his only federal claim—violation of his constitutional right to familial relations—Sachs cites to 42 U.S.C. § 1983, which states in part "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, … subjects … any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

For his part, Wees contends that Sachs does not allege how Wees' actions implicate 42 U.S.C. § 1983 or how Wees is a "state actor" according to that statute. (Doc. 10 at 3–4.) Consequently, Wees argues that Sachs failed to establish an adequate and substantial federal claim, and therefore the Court should dismiss the Complaint. (*Id.*) The Court agrees.

"Merely [asserting] a constitutional claim" under section 1343(a)(3) "is not sufficient to obtain jurisdiction." *Doe v. Klein*, 599 F.2d 338, 340 (9th Cir. 1979). The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly unsubstantiated; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (cleaned up); see also *Sachs v. Wees*, No. CV-22-00368-PHX-DWL, 2022 WL 901415, at *2 (D. Ariz. Mar. 28, 2022). "The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." *Wees*, 2022 WL 901415, at *2 (quoting *Davis v. Pak*, 856 F.2d 648, 650-51 (4th Cir. 1988)).

Here, Sachs' claim is insubstantial. His claim fails to confer jurisdiction on this Court because Sachs fails to show how 42 U.S.C. § 1983 is implicated or how Wees is a state actor. *See Wees*, 2022 WL 901415, at *2 ("Plaintiff does not allege how 42 U.S.C. § 1983 is implicated here or how [the defendant] could be considered a state actor."); *see*

*also Lemke v. Jander*, 2021 WL 778653, *4 (S.D. Cal. 2021) ("Plaintiff cannot invoke this Court's jurisdiction based on allegations that Defendant violated Plaintiff's constitutional rights because Plaintiff has not adequately alleged . . . that Defendant was acting under color of law.")). Wees was a private attorney representing a non-governmental client. Sachs takes no pains to explain how this constitutes state action and the Court does not find it to be such. Indeed, even if Wees were a court-appointed attorney (which he is not), he would still not be considered a state actor under 42 U.S.C. § 1983. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (finding that a court-appointed attorney was not a state actor within the meaning of 42 U.S.C. § 1983 because "his function was to represent his client, not the interests of the state or county").

Sachs fails to establish that a private attorney is a state actor and, thereby, fails to establish jurisdiction. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011) ("In order for private conduct to constitute governmental action, something more must be present." (internal quotation marks and citation omitted)).

Moreover, Sachs has already sued this same attorney, for the same claims, resulting from the same factual scenario, and had another judge in this District dismiss the action for the same reason. *See generally Wees*, 2022 WL 901415. Sachs has had multiple attempts to properly plead jurisdiction on these claims and has failed to do so.

Additionally, during the pendency of the Motion to Dismiss, Wees filed a Notice of Ruling in a Related Matter. (Doc. 16.) That Notice clearly establishes that Sachs sued Wees—in state court—for these same causes of actions, arising from the same factual circumstances, and that his case was dismissed for failure to state a claim. Thus, Sachs' claims are barred by the doctrine of res judicata. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997))); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) ("Res judicata applies when the earlier suit (1) involved the same claim or cause of

action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.2002) (cleaned up))). Here, res judicata bars Plaintiff's suit; thus, the Court must dismiss it with prejudice.

### B. Motion to Seal

Sachs' Motion to Seal suffers from two significant ailments. First, it does not comply with Local Rule 5.6(b). That rule requires that a party motioning to seal a document "set forth a clear statement of the facts and legal authority justifying the filing of the document under seal and must append (as a separate attachment) a proposed order granting the motion." LRCiv 5.6(b). Here, Sachs' Motion merely lists Arizona's rules of civil procedure regarding motions to seal. (Doc. 12.) It does not contain any *relevant* legal authority, nor does it proffer any facts in support of the Motion, nor does it append a proposed order granting the Motion. (*Id.*) Thus, Sachs' Motion is procedurally deficient.

Second, the Motion does not overcome the presumption articulated in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the Ninth Circuit opined that the public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Id.* at 1178. To do so, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotation marks and citations omitted). Here, Sachs has provided no facts; thus, it is impossible for the Court to make any factual findings. Likewise, Sachs has not provided any compelling reason for granting the Motion to Seal. Indeed, as articulated above, his Motion contains nothing but irrelevant procedural rules. (*See* Doc. 12.) Consequently, he has failed to overcome the presumption in favor of public access to court filings, and the Court will deny the Motion to Seal.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss with prejudice. (Doc. 10.)

1  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Seal.  (Doc. 12.)

2  **IT IS FURTHER ORDERED** that the Clerk enter judgment in accordance with
3  this order and terminate this case.

4  Dated this 19th day of July, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge